THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Theresa Russell, Respondent,
v.
Christopher Aumick, Appellant.
 
 
 

Appeal From Horry County
 H. E. Bonnoitt, Jr., Family Court Judge

Unpublished Opinion No. 2005-UP-514
Heard June 15, 2005  Filed September 7, 2005   

AFFIRMED

 
 
 
Ronald R. Norton, of Conway, for Appellant.
Kevin Michael Hughes, of N. Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Christopher Aumick appeals from a family court order denying him custody of his daughter, arguing that the court erred in finding there had not been a substantial change in circumstances warranting a change in custody and that the court erred in awarding Theresa Russell attorneys fees.  We affirm.
FACTS
 In late 1998, Aumick (Father) and Russell (Mother) entered into a relationship that produced an out-of-wedlock daughter, Jessica, who was born in June 1999.  The family court issued a final order in December 2000 granting permanent custody of Jessica to Mother, setting child support, and providing for visitation.  In August 2002, Mother sought an increase in child support and Father counterclaimed for custody of Jessica based on a change in circumstances.  After a final hearing, the family court denied Fathers request for change in custody.  This appeal followed.  
 LAW/ANALYSIS 
 I. Change in Custody 
 Father argues the family court erred in denying him custody of his daughter because there had been a substantial change in circumstances.  However, as a result of events that occurred after Father filed this appeal, Father has now been granted temporary custody of Jessica.  Therefore, Father has withdrawn this issue from consideration on appeal and we need not address it. 
 II.  Attorneys Fees
 Father also argues the family court erred in awarding Mother attorneys fees.  We disagree.
 The award of attorneys fees is a matter within the sound discretion of the family court and will not be overturned absent a showing of abuse of discretion.  Haselden v. Haselden, 347 S.C. 48, 61, 552 S.E.2d 329, 336 (Ct. App. 2001).  When deciding whether to award attorneys fees, the court should consider each partys ability to pay, whether beneficial results were obtained by the attorney, the financial conditions of the parties, and the effect of the attorneys fees on each party.  Griffith v. Griffith, 332 S.C. 630, 645, 506 S.E.2d 526, 534 (Ct. App. 1998).  In determining what amount of attorneys fees should be awarded, the court should consider the nature, extent, and difficulty of the services rendered; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation; the beneficial results obtained; and the customary legal fees for similar services.  Id. at 645-646, 506 S.E.2d at 534.  The order reflects the court considered the necessary factors, and we therefore find the family court did not abuse its discretion.
 AFFIRMED.
 HEARN, C.J., BEATTY, and SHORT, J.J. concur.